*Chen v. Lynch*

BIA
Poczter, IJ
A200 166 832

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand fifteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

LUO HUANG CHEN,
>        *Petitioner,*

>        v.                                    14-699
>                                              NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*

>        *Respondent.*
_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR PETITIONER:**  Thomas V. Massucci, New York, New York.

**FOR RESPONDENT:**  Joyce R. Branda, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Gerald M. Alexander, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Luo Huang Chen, a native and citizen of the People's Republic of China, seeks review of a February 4, 2014, decision of the BIA affirming an April 9, 2012, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Luo Huang Chen,* No. A200 166 832 (B.I.A. Feb. 4, 2014), *aff'g* No. A200 166 832 (Immig. Ct. N.Y. City Apr. 9, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, and consider only the single

2

basis on which the BIA affirmed the IJ's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Chen's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In this case, the inconsistency the IJ identified does not reasonably support an inference that Chen was incredible.

3

The agency concluded that Chen was not credible because he claimed that he fled China after his arrest in May 2010, but the documentary evidence revealed prior departure plans – a student visa application approved in March 2010. Although the agency labeled this an inconsistency, there is no contradiction: Chen never stated that the only reason he left China was because he was arrested or that he had not considered leaving China prior to his arrest. Moreover, he testified consistently that his parents and an agent handled the student visa application process, and that he was not involved. He testified that it was not until June or July that he first talked to the agent and received the letter of acceptance from the American university. This testimony is consistent with the certificate of eligibility for a student visa, which was signed by a school official on March 31, 2010, but not signed by Chen until June 1, 2010. That Chen's parents began planning his departure prior to his arrest does not, in and of itself, undermine his claim that he was persecuted because of his religion and fears persecution on return.

4

During cross-examination, Chen testified that neither he nor his parents contacted the agent before his arrest.  This testimony conflicts with the date on the approved visa application; but standing alone, it is not enough to support an adverse credibility determination.

Because the case is being remanded, we do not consider whether the BIA abused its discretion in denying Chen's motion to remand.  *See Koudriachova v. Gonzales*, 490 F.3d 255, 264 (2d Cir. 2007).

For the foregoing reasons, the petition for review is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk